# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-7059**

**September Term, 2020**

**1:19-cv-00658-CRC**

**Filed On:** May 11, 2021

Christopher Earl Peek,

      Appellant

    v.

Suntrust Bank, Inc.,

      Appellee

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Tatel, Pillard, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties, see Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of the foregoing and appellee's motion for leave to supplement the appendix, the opposition thereto, and the lodged supplemental appendix, it is

**ORDERED** that appellee's motion for leave to supplement the appendix be granted.  The materials from the district court case under appeal are part of the record and properly included within the appendix.  See Fed. R. App. P. 10(a); Fed. R. App. P. 30(c).  The remaining materials are official court records of which the court could take judicial notice even if they had not been supplied in a supplemental appendix.  See Veg-Mix, Inc. v. U.S. Dep't of Agric., 832 F.2d 601, 607 (D.C. Cir. 1987).  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's March 24, 2020 dismissal order be affirmed.  The district court correctly determined that appellant failed to state a claim for a violation of the Real Estate Settlement Procedures Act, because, to the extent the complaint alleged any violation, the complaint does not allege any actual damages resulting from that violation.  See 12 U.S.C. § 2605(f)(1)(A); Fed. R. Civ. P. 12(b)(6).  Appellant does not articulate any challenge to the district court's dismissal of his claims that appellee violated the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, or engaged in fraud.  He has therefore forfeited any challenge to

dismissal on those grounds.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk